UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                          Case No. 1-26-40732

     JACOB VAYNSHTEYN,

            Debtor.

-------------------------------------------------------------X

**EMERGENCY MOTION OF DEBTOR JACOB VAYNSHTEYN
TO ENFORCE THE AUTOMATIC STAY AND
<u>DECLARE POST-PETITION UCC FORECLOSURE SALE VOID AB INITIO</u>**

Jacob Vaynshteyn (the "Debtor"), by and through his counsel, LAW OFFICES OF

MORRIS FATEHA, respectfully submits this Affirmation in support of the Debtor's emergency

motion seeking (i) enforcement of the automatic stay pursuant to 11 U.S.C. § 362(a), (ii) an order

declaring the post-petition UCC foreclosure sale of the Debtor's cooperative shares and

proprietary lease void ab initio, (iii) injunctive relief pursuant to 11 U.S.C. § 105(a) and Fed. R.

Bankr. P. 7065 prohibiting any further transfer or disposition of the subject property, (iv)

damages pursuant to 11 U.S.C. § 362(k) for willful violation of the stay, and (v) such other and

further relief as this Court deems just and proper, and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. This motion arises from a blatant and willful violation of the automatic stay. Despite

   having actual notice of Jacob Vaynshteyn's bankruptcy filing, creditors proceeded post-

   petition with a UCC foreclosure sale of the Debtor's cooperative shares and proprietary

   lease, effectively extinguishing property of the estate without seeking relief from this

   Court. That conduct is void ab initio under settled Second Circuit law.

2. The automatic stay exists precisely to prevent this type of self-help. Once the petition was

   filed, exclusive jurisdiction over the Debtor's property vested in this Court. Creditors

were required to stop, seek stay relief, and allow the Bankruptcy Court to adjudicate rights in an orderly manner. Instead, they unilaterally pressed forward, usurping this Court's authority and irreparably harming the estate.

3. The relief requested here is straightforward and compelled by law: the foreclosure sale must be declared void; all further transfer or disposition of the subject property must be enjoined; and the Debtor is entitled to damages for a willful stay violation under 11 U.S.C. § 362(k). This Court should also exercise its equitable powers under § 105(a) to restore the status quo and prevent additional harm.

## FACTUAL BACKGROUND

4. Anna Vaynshteyn, the Debtor's mother, owned cooperative shares and a proprietary lease for Apartment 19B at Trump Village Section 4, Inc. (the "Property"). Prior to her death, Ms. Vaynshteyn executed a Last Will and Testament devising the Property outright to her son, Jacob Vaynshteyn. Jacob Vaynshteyn is the sole distributee of the Estate, and no other beneficiaries or competing ownership claims exist.

5. Following Ms. Vaynshteyn's death, record title to the cooperative shares remained in the name of the Estate. Despite repeated efforts by the Debtor to complete the transfer of ownership, Trump Village Section 4, Inc. declined to place the shares into his name.

6. On February 17, 2026, Jacob Vaynshteyn filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court. The filing was made in his individual capacity and not as executor or personal representative of the Estate. Notice of the bankruptcy filing was provided to the relevant creditors and their counsel.

7. At the time of filing, the cooperative shares had not yet been administratively transferred out of the Estate, although the Debtor was the sole beneficiary under the Will and the

intended recipient of the Property. No party disputed that the Debtor was the exclusive beneficiary of the cooperative apartment.

8. Notwithstanding the bankruptcy filing and without seeking relief from the automatic stay, creditors proceeded with a UCC foreclosure sale of the cooperative shares and proprietary lease after having been notified. The sale occurred entirely post-petition. The Debtor received no prior stay-relief motion, and no court order authorized the disposition of the shares.

9. The foreclosure sale resulted in the transfer of the cooperative interests away from the Debtor's beneficial ownership. At no time before the sale did any party seek a determination from this Court as to whether the Debtor possessed an interest in the Property or whether the automatic stay applied.

## I.    THE POST-PETITION FORECLOSURE SALE OF THE COOPERATIVE SHARES VIOLATED THE AUTOMATIC STAY AND IS VOID AB INITIO

10. The filing of a bankruptcy petition operates as an automatic stay, applicable to all entities, prohibiting, among other things: (i) the continuation of judicial or non-judicial proceedings against the debtor; (ii) any act to obtain possession of or exercise control over property of the estate; and (iii) any act to collect or recover a pre-petition claim against the debtor. 11 U.S.C. § 362(a)(1), (3), and (6).

11. In the Second Circuit, actions taken in violation of the automatic stay are **void ab initio**. See *In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); *E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172–73 (2d Cir. 1998). Such actions "are without vitality"

unless and until retroactively validated by a bankruptcy court, relief which is granted only in exceptional circumstances. *Eastern Refractories*, 157 F.3d at 172.

12. Here, there is no dispute that the UCC foreclosure sale of the cooperative shares occurred post-petition and without relief from stay. The only defense asserted is that the shares were still titled in the Estate of Anna Vaynshteyn, rather than in the Debtor's individual name. That argument fails as a matter of law.

**A.  The Automatic Stay Applies Where the Debtor Holds a Beneficial or Arguable Property Interest**

13. Property of the estate under § 541 includes "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. 11 U.S.C. § 541(a)(1). This definition is intentionally broad.

14. Critically, where a debtor claims an interest in property, even if that interest has not yet been formally adjudicated, creditors may not unilaterally determine that the stay does not apply.

15. As the Bankruptcy Court held in *In re Levenstein*, where foreclosure proceeded against property titled solely in a non-debtor spouse:

> Where the debtor claims an interest in property, the secured creditor may not make its own, unilateral determination of property rights after the debtor has invoked the jurisdiction of the Bankruptcy Court and with it the protection of the automatic stay. It is for the Bankruptcy Court, not the secured creditor, to determine whether the debtor has a sufficient interest in property to implicate the automatic stay." 371 B.R. 45, 47–48 (Bankr. S.D.N.Y. 2007).

16. Likewise, in *In re Ebadi*, the court vacated a post-petition foreclosure sale even though the debtor did not hold record title, holding that continuation of foreclosure proceedings violated § 362(a) because the debtor was personally exposed to deficiency liability and

had a direct stake in the outcome. The sale was declared void and damages awarded. *In re Ebadi*, 448 B.R. 308 (Bankr. E.D.N.Y. 2011).

17. Here, Jacob Vaynshteyn is the sole distributee under his mother's Will. The cooperative apartment was devised to him outright. No competing beneficiaries exist. Trump Village refused to administratively transfer the shares, but beneficial ownership indisputably vested in the Debtor upon death. At minimum, the Debtor possessed an equitable and beneficial interest sufficient to trigger § 541 and the protections of § 362.

18. Defendants were therefore required to seek stay relief before proceeding. They did not. Their unilateral determination that the stay did not apply is precisely what *Levenstein* prohibits.

**B. The Sale Also Violated the Stay Because It Inevitably Had an Adverse Impact on Property of the Estate**

19. Even where property is held in a third party's name, the automatic stay applies if the action would inevitably affect estate property.

20. The Second Circuit has long recognized that the stay reaches actions against non-debtors where such actions would have an adverse impact on the debtor's estate. *In re 48th St. Steakhouse*, 835 F.2d at 431.

21. District courts within this Circuit routinely enforce this principle. In *Kagan v. St. Vincent's Catholic Medical Centers*, the court held that proceedings against third parties were stayed where they interfered with estate administration or usurped rights belonging to the debtor or creditors' committee. 426 B.R. 71 (S.D.N.Y.), aff'd, 2011.

22. Here, the foreclosure sale permanently divested the Debtor of his sole beneficial inheritance and eliminated property that otherwise would have entered the Chapter 13 estate. That is textbook adverse impact.

23. Section 362(a)(3) expressly prohibits "any act to obtain possession of property of the estate or to exercise control over property of the estate." The foreclosure sale did exactly that.

**C. Defendants Cannot Avoid the Automatic Stay by Pointing to Record Title in the Estate of Anna Vaynshteyn Where the Debtor Held a Vested Beneficial Interest as Sole Distributee**

24. Anticipating Defendants' principal defense, they contend that the automatic stay did not apply because the cooperative shares remained titled in the Estate of Anna Vaynshteyn rather than in the Debtor's individual name. That argument fails as a matter of law.

25. Bankruptcy law does not elevate record title over equitable reality. Section 541(a)(1) includes within the estate *all legal and equitable interests of the debtor*, wherever located and by whomever held. 11 U.S.C. § 541(a)(1).

26. Anna Vaynshteyn's Will devised the cooperative apartment outright to Jacob Vaynshteyn, who is the sole distributee of the Estate. No competing beneficiaries exist. Upon Anna's death, the Debtor acquired a vested beneficial ownership interest in the cooperative shares and proprietary lease, subject only to ministerial transfer. Trump Village's refusal to administratively recognize the transfer does not defeat the Debtor's equitable ownership.

27. Courts in this Circuit have squarely rejected attempts by creditors to sidestep the automatic stay by relying on formal title while ignoring a debtor's beneficial or equitable interest.

28. In *In re Levenstein*, the Bankruptcy Court held that foreclosure violated the automatic stay even though the property was titled solely in the name of the non-debtor spouse, explaining:

> Where the debtor claims an interest in property, the secured creditor may not make its own, unilateral determination of property rights after the debtor has invoked the jurisdiction of the Bankruptcy Court and with it the protection of the automatic stay. It is for the Bankruptcy Court, not the secured creditor, to determine whether the debtor has a sufficient interest in property to implicate the automatic stay." 371 B.R. 45, 47–48 (Bankr. S.D.N.Y. 2007).

29. Likewise, in *In re Ebadi*, the Bankruptcy Court vacated a post-petition foreclosure sale notwithstanding the absence of record title in the debtor, holding that continuation of foreclosure proceedings violated § 362 where the debtor had a direct economic stake in the outcome. The sale was declared void ab initio and damages were awarded. 448 B.R. 308 (Bankr. E.D.N.Y. 2011).

30. At minimum, Jacob Vaynshteyn's vested beneficial interest as sole distributee rendered the cooperative shares "arguable" property of the estate. Under settled law, that alone was sufficient to trigger the automatic stay.

31. Defendants were therefore required to seek relief from stay before proceeding. They did not. Their unilateral determination that the stay did not apply is precisely what *Levenstein* forbids.

32. Because the foreclosure sale was conducted post-petition, without stay relief, and in derogation of the Debtor's equitable ownership interest, it is void ab initio.

II.     **THE FORECLOSURE CONSTITUTES A WILLFUL VIOLATION OF THE AUTOMATIC STAY, ENTITLING THE DEBTOR TO DAMAGES UNDER 11 U.S.C. § 362(k)**

33. Section 362(k)(1) provides that an individual injured by a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

34. In the Second Circuit, a stay violation is "willful" where the creditor knew of the bankruptcy filing and intentionally committed the act that violated the stay. No showing of bad faith or specific intent to violate the stay is required. *Crysen/Montenay Energy Co. v. Esselen Assocs., Inc*., 902 F.2d 1098, 1105 (2d Cir. 1990).

35. A creditor's subjective belief that its conduct was lawful is irrelevant. Once notice of the bankruptcy filing exists, any deliberate post-petition act affecting estate property constitutes a willful violation as a matter of law. *Id*.; see also *In re Robinson*, 228 B.R. 75, 80 n.5 (Bankr. E.D.N.Y. 1998).

36. Here, Defendants had actual notice of the Debtor's Chapter 13 filing prior to the UCC foreclosure sale. Despite that notice, they deliberately proceeded with the sale of the cooperative shares and proprietary lease without seeking stay relief from this Court.

37. This was not a technical or inadvertent violation. Defendants made a conscious decision to proceed with foreclosure after the petition date, based on their own unilateral assessment that the automatic stay did not apply because record title remained in the Estate of Anna Vaynshteyn.

38. That is precisely the type of self-help that § 362 forbids. As courts in this Circuit have repeatedly emphasized, creditors may not make their own determinations regarding the

scope of the automatic stay or a debtor's interest in property; those determinations belong exclusively to the Bankruptcy Court. *In re Levenstein*, 371 B.R. 45, 47–48 (Bankr. S.D.N.Y. 2007).

39. The Bankruptcy Court in *In re Ebadi* vacated a post-petition foreclosure sale and awarded damages under § 362(k) under materially analogous circumstances, holding that foreclosure activity undertaken after notice of bankruptcy, despite the debtor's lack of record title, constituted a willful stay violation. 448 B.R. 308 (Bankr. E.D.N.Y. 2011).

40. Likewise here, Defendants knowingly proceeded with a post-petition foreclosure that extinguished the Debtor's beneficial interest and removed property that otherwise would have entered the Chapter 13 estate. That conduct violated §§ 362(a)(1), (3), and (6) and was willful as a matter of law.

41. As a direct result of Defendants' actions, the Debtor has suffered actual damages, including but not limited to loss of possessory and ownership interests, disruption of his Chapter 13 reorganization, emotional distress, and the necessity of retaining counsel to enforce the automatic stay.

42. Accordingly, the Debtor is entitled to recover actual damages, costs, and attorneys' fees pursuant to § 362(k)(1). Given the deliberate nature of Defendants' conduct and their knowing disregard of the automatic stay, the Court should also consider the imposition of punitive damages to deter similar misconduct and vindicate the authority of this Court.

III. **INJUNCTIVE RELIEF IS NECESSARY UNDER 11 U.S.C. § 105(a) TO PRESERVE THE STATUS QUO AND PREVENT FURTHER IRREPARABLE HARM TO THE ESTATE**

43. This Court possesses broad equitable authority under 11 U.S.C. § 105(a) to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code, including to enforce the automatic stay and restore the status quo following a stay violation.

44. Courts within this Circuit routinely invoke § 105(a) to enjoin post-petition transfers and prohibit further disposition of property where creditors have acted in derogation of § 362. See *In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987); *Kagan v. St. Vincent's Catholic Med. Ctrs.*, 426 B.R. 71 (S.D.N.Y.), aff'd (2011).

45. Absent immediate injunctive relief, Defendants may further transfer, encumber, or alienate the cooperative shares and proprietary lease, compounding the harm to the estate and rendering this Court's ultimate relief ineffective.

46. The Debtor has demonstrated a clear likelihood of success on the merits, irreparable harm in the absence of injunctive relief, and that the balance of equities overwhelmingly favors preserving estate property pending adjudication. No legitimate prejudice accrues to Defendants from being compelled to comply with the Bankruptcy Code.

47. Accordingly, this Court should enter an order pursuant to § 105(a) and Fed. R. Bankr. P. 7065 enjoining any further transfer, disposition, or interference with the subject cooperative shares and proprietary lease, and directing restoration of the status quo ante.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

a) Enforcing the automatic stay pursuant to 11 U.S.C. § 362(a);

b) Declaring that the post-petition UCC foreclosure sale of the cooperative shares and proprietary lease for Apartment 19B at Trump Village Section 4, Inc. is void ab initio;

c) Directing Defendants and any successors or transferees to immediately restore title, possession, and all incidents of ownership of the cooperative shares and proprietary lease to the status quo ante;

d) Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065, enjoining Defendants, their agents, assigns, and all persons acting in concert with them from any further transfer, disposition, encumbrance, or interference with the cooperative shares and proprietary lease pending further Order of this Court;

e) Awarding the Debtor actual damages, including attorneys' fees and costs, pursuant to 11 U.S.C. § 362(k), for Defendants' willful violation of the automatic stay;

f) Scheduling an evidentiary hearing, if necessary, to determine the full extent of damages suffered by the Debtor as a result of Defendants' stay violations;

g) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: Brooklyn, New York
          April 19, 2026

**LAW OFFICES OF MORRIS FATEHA**

By:    /S/ Morris Fateha, Esq.

Morris Fateha, Esq.
911 Avenue U
Brooklyn, New York 11223
(718) 627-4600
morrisfateha@gmail.com