# EXHIBIT L

Case 1-26-40732-ess    Doc 23-12    Filed 07/31/26    Entered 07/31/26 11:53:01

 CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

===============================================X

TRUMP VILLAGE SECTION 4, INC.,

                                                    **AFFIDAVIT IN SUPPORT**
                                                    **OF EMERGENCY OUT OF**
                                                    **POSSESSION ORDER**
                                                    **TO SHOW CAUSE**
                                                    **L&T INDEX #311758/23**
                                Petitioner,          **OUR FILE #48352**

          -against-

**Jacob Vaynshteyn AS EXECUTOR**
**OF THE ESTATE OF ANNA VAYNSHTEYN,**
**JACOB VAYNSHTEYN,**
**JOHN DOE,**
**JANE DOE,**

                                Respondents.

===============================================X

STATE OF NEW YORK  )
                                        ss.:
COUNTY OF **NEW YORK**     )

          **JACOB VAYNSHTEYN,** being duly sworn, deposes and says:

1. **Your deponent is the executor of the estate of your deponent's mother, Anna Vaynshtyn.**

2. Anna Vaynshteyn is the shareholder and proprietary lessee of the subject premises coop apartment.

3. Your deponent's mother passed away on December 31, 2020.

4. The above proceeding is a summary proceeding for possession based upon illegal sublet of the estate to your deponent.

5. Your deponent settled the within proceeding without an attorney on March 11, 2024 wherein your deponent agreed to a final judgement of possession warrant forthwith execution stayed from April 2024 until the premises are sold with your deponent paying use and occupation and maintenance as billed by the 5th of each month.

6. Your deponent has paid the use and occupation every single month through December 2025 which is not in dispute.

7. Your deponent also agreed in said stipulation of settlement to no longer reside in the apartment nor anyone else to reside in the apartment.

8. Your deponent complied with said stipulation of settlement in that your was no longer residing in the apartment nor anyone else residing in the apartment by June 14th 2024 which was confirmed by the landlord which is also not in dispute.

9. The arears to the apartment of $12854.61 was to be paid upon the sale of the apartment.

10. Your deponent previously filed Order to Show Cause to hold petitioner in contempt and to proceed unrepresented.

11. On December 16, 2024 the court issued a decision granting your deponent to proceed as self-represented. On the same day your deponent withdrew this order to show cause seeking contempt.

12. There after your deponent brought an order to show cause seeking to stay execution of warrant and to challenge petitioners counsel due to lack of authority and conflict of interest was denied as per terms of decision dated September 26, 2025 copy of same annexed hereto as **EXEHIBIT A.**

13. The decision held that respondent was not in default of stip.

14. The court stayed execution of warrant to November 26 to enable respondent in good faith to make reasonable efforts to enter into a contract for sale for the apartment.

15. The decision also provided that prior to November 26, 2025 respondent was

to provide evidence he had contract to sell the apartment or demonstrate significant progress towards same to petitioner.

**16.** The decision further stated that should petitioner not accept respondent's evidence of good faith efforts to enter into a contract to sell and serve a marshals notice respondent may seek another order to show cause and the court will make a determination in its discretion which could include allowing for execution of warrant.

**17.** You deponent was unable to entering to a contract to sale despite good faith efforts by November 26, 2025.

**18.** On October 6, 2025, our deponent retained an attorney by name Jason Houda and paid the attorney $3,000.00 to do another order to show cause for more time to sell the apartment. Copy of proof of retainer annexed hereto as **EXHIBIT B**.

**19.** At that time no marshal's notice had been served on your deponent.

**20.** Your deponent relied upon Mr. Houda to do an order to show cause to stop an eviction and request from the court more time to sell the apartment.

**21.** Mr. Houda never filed an order to show cause and your deponent was evicted from the apartment by a city marshal on December 16, 2025.

**22.** The following efforts were made from the date of the court decision dated September 26, 2025 through November 26, the date set forth in the judge's decision to sell the premises, lowered price from $590,000 to $479,000, coop on market with real estate agent , Real Estate Agent confirmed sell price of $479,000.

**WHEREFORE,** it is respectfully requested the courts allow respondent to add to add additional relief to Respondents Order to Show Cause to be restore to possession returnable

Case 1-26-40732-ess   Doc 23-12   Filed 07/31/26   Entered 07/31/26 11:53:01

January 7, 2026 to the extent that Respondent requested extension of the warrant of eviction to sell

the apartment as the Executor of the estate of Anna Vaynshteyn and for such other and further

relief as this Court deems just and proper.

_____

Jacob Vaynshteyn -Respondent

Sworn to before me this
6th day of January 2026

_____
Notary Public

THOMAS B. PRUZAN
Notary Public, State of New York
No. 42-4833022
Qualified in Suffolk County
Commission Expires March 30, 2027