# EXHIBIT M

Case 1-26-40732-ess Doc 23-13 Filed 07/31/26 Entered 07/31/26 11:53:01

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART R

---------------------------------------------------------------

TRUMP VILLAGE SECTION 4, INC.                    L&T Index No.: 311758-23

                Petitioner                    Motion Seq Nos. 4-5

   -against-                    **DECISION/ORDER**

JACON VAYNSHTEYN AS EXECUTOR OF THE
ESTATE OF ANNA VAYNSHTEYN; JACOB VAYNSHTEYN;          ENTERED
JOHN DOE; JANE DOE
                                                     JAN 2 1 2026
             Respondent.
                                                     CIVIL COURT
                                                     KINGS COUNTY
---------------------------------------------------------------

HON. KAREN MAY BACDAYAN

Recitation, as required by CPLR 2219 (a) of the papers considered in review of this motion by
NYSCEF Doc Nos. 31, 33, 35-41, 45-58.

## PROCEDURAL HISTORY

On March 11, 2024, the parties settled this holdover proceeding pursuant to a stipulation of
settlement, whereby petitioner was awarded a final judgment of possession with the warrant of eviction
to issue forthwith but stayed for respondent to, *inter alia*, pay ongoing maintenance charges by the fifth
of each month, beginning April 2024 and continuing until the subject cooperative apartment is sold;
list the apartment for sale with a licensed real estate broker and provide petitioner with a copy of the
listing agreement by email, and maintain the listing until the apartment is sold; and cease residing in
the apartment on or before June 14, 2024 and not permit any other person to reside at the apartment.
(NYSCEF Doc No. 20.) On October 28, 2024, counsel for respondent filed its notice of appearance; on
that same day, the parties signed a two-attorney stipulation, whereby petitioner's counsel accepted a
payment of $1,058.04 from respondent's counsel by an attorney check, curing any default to date,
without prejudice to $1.00 owed for October 2024 maintenance, which was to be paid along with
November 2024 maintenance by the terms of the March 11, 2024 stipulation, which remains in full
force and effect.. (NYSCEF Doc No. 24, notice of appearance; (NYSCEF Doc No. 25, October 28,
2024 stipulation.)

## THE PRIOR ORDERS TO SHOW CAUSE

*On December 5, 2024, respondent filed two orders to show cause pro se: to punish petitioner
for contempt, and to proceed unrepresented in this proceeding. (NYSCEF Doc No. 26, signed order to
show cause for contempt [motion sequence 2]; NYSCEF Doc No. 27, signed order to show cause to*

Case 1-26-40732-ess   Doc 23-13   Filed 07/31/26   Entered 07/31/26 11:53:01

INDEX NO. LT-311758-23/KI [HO]

permit represented party to appear in person [motion sequence 3].) On December 16, 2024, the court issued a decision and order granting respondent's motion to proceed as a self-represented litigant. (NYSCEF Doc No. 28.) That same day, petitioner and respondent entered into a stipulation whereby respondent withdrew its order to show cause seeking contempt "as moot, inasmuch as respondent has been able to schedule online payments using portal." (NYSCEF Doc No. 29.)

Next, respondent filed two additional orders to show cause seeking to stay execution of the warrant of eviction, and "to challenge plaintiff's counsel due to lack of authority and conflict of interest[.]" (NYSCEF Doc No. 31, signed order to show cause [motion sequence 4]; NYSCEF Doc No. 33, notice of motion [sequence 5].) An e-mail attached to the order to show cause, addressed to respondent by petitioner's counsel, dated July 22, 2025, stated respondent defaulted in its obligations under the March 11, 2024 stipulation. "Specifically, you have defaulted by: 1. residing in the subject premises . . . in violation of paragraph 3(c) of the [s]tipulation; and 2. failing to act in good faith with efforts to sell the subject cooperative apartment in violation of paragraph 3(e) of the [s]tipulation." (Id. at 8.)

In support of its order to show cause, **respondent affirmed he has "not, nor has anyone else, resided in Apartment 19-B since before June 14, 2024, in compliance with the [s]tipulation." (Id. at 3.)** Respondent argues "[p]etitioner knowingly mischaracterizes ordinary building entry as residency when in reality: [] Fob entries show only building entry, not residence[;] Lobby/elevator cameras don't show entry into the apartment[;] I have friends of 22+ years in the building and I use the complex as a shortcut[;] [and] No floor-level or in-unit cameras exist. Fob logs and lobby cameras are circumstantial evidence at best. They cannot establish residency[.]" (Id.)

The issues before the court in prior orders to show cause were narrow: 1) Was respondent in default; 2) did respondent provide good cause for a further stay on execution of the warrant; and 3) should Hertz Cherson be disqualified as attorney.

At argument on the prior order to show cause, petitioner stated that respondent is in default in numerous ways. For example, respondent has not cooperated in good faith with efforts to sell the apartment. Petitioner claimed that respondent has listed the apartment through his own broker, Victor Li, in the amount of $599,000. Petitioner stated that even that broker, Vitor Li, has stated that the listing is above market, and that the coop is actually worth only $375,000. Two other brokers, two of the three that respondent stipulated to use, have also provided letters from other brokers reflecting same. **Petitioner pointed to the sworn probate petition for the estate in which respondent values the entire estate as worth less than $400,000.** Respondent previously applied to become a shareholder and was denied by the Board of Directors in their business judgment. Petitioner further claimed that they

*believe that respondent has re-entered the apartment and* **respondent flatly denied living in the premises***.*

*Respondent alleged there is a sham shareholder government in control, that criminals are in control, that the Board is breaching its fiduciary duty to him, that he is being victimized, and that he is being retaliated against for engaging in protected union activity. Petitioner advanced that taking possession of the apartment through execution of the warrant did not divest respondent of his right to sell the apartment, and that petitioner would be willing to work with respondent to allow reasonable access for viewing with an intent to sell.*

*The court found that respondent was not in default, YET, and issued the following Orders: that petitioner shall be permitted to inspect the subject apartment for signs of continued occupancy by respondent on Monday, September 29, 2025 between 10 a.m. and 11 a.m. Petitioner, as before, may take photographs and video; and that execution of the warrant would be stayed through November 26, 2025 to enable respondent to, in good faith, make reasonable efforts to enter into a contract of sale for the apartment. These efforts which will include, as per respondent's own words, discussing the asking price with his broker, speaking with his accountant, and assessing the economic terrain.*

*Respondent was required to provide documentary evidence of same prior to November 26, 2025 that he had contracted to sell the apartment, or demonstrate significant progress toward same to petitioner (e.g. application for mortgage by intended buyer, completed, Board package for approval of proposed buyer), as long as maintenance was paid by the 10th of the month. Failure to timely pay maintenance would be considered a default so as to allow execution of the warrant. The court declined to disqualify Hertz Cherson Rosenthal as attorney for petitioner was denied.*

**THE THREE ORDERS TO SHOW CAUSE PRESENTLY BEFORE THE COURT**

Before the court are three orders to show cause: 1) to restore to possession; 2) to punish petitioner for contempt for taking respondents belongings out of the apartment in violation of the signed post-eviction order to show cause; and 3) a motion seeking restoration to possession and a further stay to sell the apartment filed by a newly retained attorney to supplement respondent's order to show cause to be restored to possession. (NYSCEF Doc No.55.)

Respondent claims, without proof, that he lowered the price on the apartment and made efforts through a broker to sell the apartment. However, respondent was required to demonstrate to petitioner prior to November 26, 2025 that he had done so, and there is nothing in the record to demonstrate this is true. Respondent claims he hired an attorney who failed to provide the proof required. However, that attorney never filed a notice of appearance.

Respondent withdrew his order for contempt as against petitioner as proof was provided that the belongings were removed by the marshal to a storage facility between December 17, 2025 and December 22, 2025.

Petitioner sought an opportunity to formally oppose respondent's order to show cause to be restored to possession and stated that he sought and adjournment to oppose the order to show cause to be restored to possession and for a stay.

Based on the records, affirmations, and exhibits before the court, it is

**ORDERED** that Respondent's order to show cause for contempt is DENIED to the extent it was not fully withdrawn on the last court date as it ; and is it further

**ORDERED** that respondent's order to show cause to be restored to possession of the property is DENIED as it is not disputed that respondent did not provide proof of good faith attempts to sell the property at a reasonably asking price by November 26, 2025, and respondent has averred on numerous occasions that the does not reside, which, even if he did, would be in violation of the March 11, 2024 stipulation (NYSCEF Doc No. 20, ¶ 3 [c]; and it is further

**ORDERED** that respondent's order to show cause to stay execution of the warrant is DENIED as the warrant has already been executed upon.

**Moreover, respondent has squandered all credibility with this court. No further orders to show cause will be signed.**

This constitutes the decision and order of the Court.

Date: January 21, 2025
Brooklyn, NY

So Ordered:

_____
HON. KAREN MAY BACDAYAN
Judge, Housing Part