# EXHIBIT Q

Case 1-26-40732-ess   Doc 23-17   Filed 07/31/26   Entered 07/31/26 11:53:01

# Kings Supreme Court • Part 72 / Ex-Parte

Justice: Gina Abadi                     Date:* 2 / 17 / 26

| Caption | Index #: |
|---|---|
| | 505513 / 2026 |
| JACOB VAYNSHTEYN | v. TRUMP VILLAGE SECTION 4, INC |
| *Plaintiff/Petitioner* | *Defendant/Respondent* |

Your Honor:

☐ ORDER CHECKED          ☒ ORDER NOT CHECKED

OSC: Relief Requested **STAY Coop Sale Scheduled for 2/17/26**

☒ Order to Show Cause - Set / See Method of Service, Set Return Dates, and/or See Stay

☐ Ex Parte Application: _____

Assign To: _____   Index # of Related Action _____ / 20

*The following item(s) are missing or defective with this application:*

☐ Action Marked Stayed on [   ][   ][   ]

☐ Affirmation of Good Faith Missing

☐ Application May Not Comply with UCR 202.7(f)

☐ Case Marked Disposed on [   ][   ][   ]

☐ Notice / Warning to Punish for Contempt not on face of OSC

☐ Order / Papers annexed (do/does) not comply with UCR 202.5 (d)(1)

☑ Submission Concerns / Issues:

4:21pm Movant represents property was already sold - moreover, movant filed for bankruptcy stay in interim.

| **Return to Movant** | *Please Return to Ex Parte Office* |
|---|---|
| Decline to Sign | **10th Floor, Room 10 North** |
| Hon. Gina Abadi JSC | *If E-Filed, notify Part 72 of any resubmission* |

*If you return this note and a copy of the page of this OSC/Ex-Parte Order with the fee paid stamp on it*
*from the County Clerk with your corrected papers, an additional $45 fee will not be imposed.*
***If this application is not retrieved within one year from the date of this order, the application will be deemed abandoned.***

1 of 1

At an IAS Part of the Supreme Court of the State of New York held in and for the County of Kings at the Courthouse thereof located at 360 Adams Street, Brooklyn, New York on the____ day of_____, 2026

PRESENT: HON._____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
JACOB VAYNSHTEYN,                                          Index No._____
as Executor of the Estate of ANNA VAYNSHTEYN,

                    Plaintiff,                              **EMERGENCY ORDER**
   -against-                                                         **TO SHOW CAUSE**

TRUMP VILLAGE SECTION 4, INC. ,

                    Defendant.
------------------------------------------------------------------------X

UPON the annexed Verified Complaint, Affirmation of Morris Fateha, Esq., the Affidavit of Jacob Vaynshteyn, 2026, with the exhibits annexed thereto, and upon all the proceedings heretofore had herein, let Defendant TRUMP VILLAGE SECTION 4, INC. show cause before this Court, at IAS Part ___, Supreme Court of the State of New York, County of Kings, located at 360 Adams Street, Brooklyn, New York, 11201, on the ___ day of _____, 2026, at ___ a.m./p.m., or as soon thereafter as counsel may be heard, why an Order should not be made and entered:

A. preliminarily enjoining and restraining Defendant, together with its agents, servants, employees, attorneys, representatives, and any auctioneers or third parties acting on its behalf, from conducting, proceeding with, or in any way consummating the noticed Article 9 foreclosure sale of the cooperative shares and proprietary lease for Apartment

19B at 2944 West 5th Street, Brooklyn, New York, scheduled for February 17, 2026, or any adjourned date thereof;

B. preliminarily enjoining Defendant from transferring, assigning, conveying, or otherwise disposing of said cooperative shares and proprietary lease pending the final determination of this action;

C. directing Defendant to provide Plaintiff with a full, complete, and itemized accounting of all sums claimed due and owing in connection with the cooperative interest, including without limitation maintenance arrears, assessments, legal fees, costs, and any other charges asserted as part of Defendant's alleged lien;

D. granting Plaintiff such other and further relief as this Court deems just and proper.

PENDING the hearing and determination of this Order to Show Cause, Defendant TRUMP VILLAGE SECTION 4, INC., together with its agents, servants, employees, attorneys, representatives, and any auctioneers or third parties acting on its behalf, is hereby TEMPORARILY RESTRAINED from conducting, proceeding with, or consummating any foreclosure sale or disposition of the cooperative shares and proprietary lease for Apartment 19B at 2944 West 5th Street, Brooklyn, New York, including the foreclosure sale presently scheduled for February 17, 2026.

SUFFICIENT CAUSE THEREFORE APPEARING, it is further

ORDERED, that service of this Order to Show Cause, together with the papers upon which it is granted, shall be made upon Defendant TRUMP VILLAGE SECTION 4, INC. by _____ on or before _____, 2026, and such service shall be deemed good and sufficient; and it is further

ORDERED, that Defendant shall serve answering papers, if any, on or before

_____, 2026; and it is further

ORDERED, that Plaintiff shall serve reply papers, if any, on or before _____,

2026.

ENTER:

_____

,J.S.C.

Case 1:26-40732-ccs Doc 23-17 Filed 07/31/26 Entered 07/31/26 11:53:01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

JACOB VAYNSHTEYN,
as Executor of the Estate of ANNA VAYNSHTEYN,

                              Plaintiffs,

      -against-

TRUMP VILLAGE SECTION 4, INC. ,
                        Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| Index No.: | |
| Date Purchased: | |
| **<u>SUMMONS</u>** | |
| Plaintiffs selects Kings County as venue | |
| Venue based on Location of real property under CPLR 507 | |

To the above-named Defendant: TRUMP VILLAGE SECTION 4, INC., Apartment 19B at 2944 West 5th Street, Brooklyn, New York 11224

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
      February 12, 2026

LAW OFFICES OF MORRIS FATEHA
      /S/ *Morris Fateha*

_____

Morris Fateha, Esq.
Attorneys for Plaintiff
911 Avenue U
Brooklyn, New York 11223
(718) 627-4600
morrisfateha@gmail.com

Case 1-26-40732-ess    Doc 23-17    Filed 07/31/26    Entered 07/31/26 11:53:01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
JACOB VAYNSHTEYN,                                                   Index No._____
as Executor of the Estate of ANNA VAYNSHTEYN,

                                    Plaintiff,              **VERIFIED COMPLAINT**
        -against-

TRUMP VILLAGE SECTION 4, INC. ,

                                    Defendant.
-------------------------------------------------------------------------X

Plaintiff, JACOB VAYNSHTEYN ("Plaintiff"), by his attorneys, Law Offices of Morris Fateha, Esq., as and for his Verified Complaint alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an emergency action seeking to enjoin Defendant's imminent Article 9 foreclosure sale of Plaintiff's cooperative apartment shares and proprietary lease, scheduled for February 17, 2026, and to prevent a forced, distressed courthouse-steps auction that will irreparably destroy the value of the Estate's primary asset.

2. Plaintiff, as Executor of the Estate of Anna Vaynshteyn, holds legal title to the cooperative shares and related occupancy rights for Apartment 19B at 2944 West 5th Street, Brooklyn, New York. Defendant Trump Village Section 4, Inc. claims a lien arising from alleged maintenance arrears and has noticed a public foreclosure sale of the cooperative interest.

3. Although Defendant may assert creditor remedies, Article 9 strictly limits how secured parties may dispose of collateral. The Uniform Commercial Code requires that every

aspect of a disposition, including the method, manner, time, place, and terms, be commercially reasonable and reasonably calculated to obtain fair value.

4. Here, Defendant has elected to proceed by way of a summary courthouse-steps auction of cooperative shares, without meaningful open-market exposure, broker-driven marketing, or competitive listing. Such a process is not reasonably designed to achieve fair market value and substantially impairs the Estate's equity in its primary asset.

5. Plaintiff brings this action to enforce Defendant's statutory obligations under Article 9, to obtain a declaration of the parties' respective rights, and to require an accounting of the amounts claimed due. Plaintiff also seeks appropriate equitable relief to ensure that any disposition of the cooperative interest, if permitted, is conducted in a commercially reasonable manner consistent with New York law.

**THE PARTIES**

6. Plaintiff Jacob Vaynshteyn, as Executor of the Estate of Anna Vaynshteyn (the "Estate"), is a resident of Kings County, New York, and was duly appointed fiduciary of the Estate by Letters Testamentary issued by the Surrogate's Court of the State of New York, County of Kings.

7. Anna Vaynshteyn was the shareholder of record and proprietary lessee of a cooperative apartment located at 2944 West 5th Street, Apartment 19B, Brooklyn, New York (the "Apartment"), until her death on December 31, 2020. Title to the cooperative shares and proprietary lease passed to the Estate upon her death.

8. Plaintiff brings this action solely in his representative capacity as Executor of the Estate of Anna Vaynshteyn.

9. Defendant Trump Village Section 4, Inc. ("Defendant" or the "Cooperative") is a New York cooperative housing corporation operating a residential cooperative complex in Kings County, New York, and is the entity asserting a lien for alleged maintenance arrears and seeking to foreclose upon and dispose of the Estate's cooperative shares and proprietary lease pursuant to Article 9 of the Uniform Commercial Code.

10. At all relevant times, Defendant acted as the secured party with respect to the cooperative shares and proprietary lease and is the party that authorized and noticed the proposed foreclosure sale that is the subject of this action.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to Article VI, §7 of the New York State Constitution and CPLR §301, as Plaintiff seeks declaratory and equitable relief arising under Article 9 of the Uniform Commercial Code and related New York law.

12. This Court has personal jurisdiction over Defendant because Defendant is a New York corporation that owns, operates, and manages real property in Kings County and conducts substantial business within the State of New York.

13. Venue is proper in Kings County pursuant to CPLR §503 and §507 because Defendant maintains and operates the cooperative premises in Kings County, the cooperative apartment that is the subject of this action is located in Kings County, and the acts and omissions giving rise to this action occurred in Kings County.

## STATEMENT OF FACTS

14. The cooperative shares and proprietary lease for Apartment 19B at 2944 West 5th Street, Brooklyn, New York (the "Cooperative Interest") constitute the primary asset of the Estate.

15. Following Anna Vaynshteyn's death on December 31, 2020, Plaintiff, as Executor of the Estate, succeeded to ownership of the Cooperative Interest and became responsible for addressing all obligations associated therewith.

16. Defendant claims that the Estate is indebted to it for unpaid maintenance and related charges and asserts a lien against the Cooperative Interest arising therefrom.

17. By written notice dated January 2026, Defendant advised Plaintiff that it intended to foreclose upon and dispose of the Cooperative Interest pursuant to Article 9 of the Uniform Commercial Code and scheduled a public foreclosure sale for February 17, 2026, to be conducted on the courthouse steps in Kings County, New York. A true and correct copy of said notice is annexed hereto as **Exhibit A**.

18. Defendant's notice asserts an alleged indebtedness in the approximate amount of $37,083.47, which figure includes legal fees and other charges that have not been fully itemized or substantiated.

19. Defendant has not provided Plaintiff with a complete accounting of the amounts claimed due, including a breakdown of maintenance arrears, legal fees, costs, or other charges forming the basis of the asserted lien.

20. While Plaintiff acknowledges that Defendant previously afforded the Estate opportunities to pursue a private sale of the Apartment, Defendant has now elected to proceed directly with a summary public foreclosure auction pursuant to Article 9, without first engaging in

any open-market marketing, broker-driven listing, or commercially reasonable sales process at this stage.

21. Defendant's proposed courthouse-steps auction of cooperative shares, conducted without current open-market exposure or competitive listing, is inherently distressed in nature and is not reasonably calculated to achieve fair market value.

22. Such a process substantially impairs the Estate's equity in the Cooperative Interest and threatens to deprive the Estate of significant value that could otherwise be realized through a conventional private sale.

23. Plaintiff is ready, willing, and able to cooperate in a commercially reasonable disposition of the Cooperative Interest, including marketing the Apartment through appropriate brokerage channels and satisfying Defendant's legitimate claims from sale proceeds.

24. Defendant's election to pursue a rushed Article 9 foreclosure sale, without providing a full accounting of the alleged indebtedness and without implementing a commercially reasonable disposition process, violates Defendant's statutory obligations under the Uniform Commercial Code.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as if fully set forth herein.

26. Defendant claims a secured interest in the Cooperative Interest and has elected to proceed with a disposition of such collateral pursuant to Article 9 of the Uniform Commercial Code.

27. Pursuant to UCC § 9-610 and related provisions, every aspect of a secured party's disposition of collateral, including the method, manner, time, place, and terms, must be commercially reasonable.

28. Defendant has noticed a public courthouse-steps foreclosure sale of the Cooperative Interest without implementing any broker-driven marketing, competitive listing, or open-market exposure reasonably calculated to achieve fair market value.

29. Defendant has further failed to provide Plaintiff with a complete accounting of the amounts allegedly due, including itemization of maintenance arrears, legal fees, costs, and other charges forming the basis of Defendant's claimed lien.

30. A justiciable controversy exists between the parties regarding Defendant's compliance with its statutory obligations under Article 9 of the Uniform Commercial Code, including whether Defendant's proposed disposition of the Cooperative Interest is commercially reasonable and whether the amounts claimed due are accurate and properly supported.

31. Plaintiff seeks a declaration that:

   a. Defendant is obligated to conduct any disposition of the Cooperative Interest in a commercially reasonable manner consistent with Article 9 of the Uniform Commercial Code;

   b. Defendant's proposed courthouse-steps auction, as presently noticed, does not satisfy such commercially reasonable standards;

   c. Plaintiff is entitled to a full accounting of all sums claimed due prior to any disposition of the Cooperative Interest; and

   d. any surplus proceeds realized from a disposition of the Cooperative Interest belong to the Estate after satisfaction of Defendant's lawful charges.

32. Absent declaratory relief, Plaintiff will be left without a clear judicial determination of the parties' rights and obligations, and Defendant will continue to pursue a disposition process that unlawfully impairs the Estate's equity.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" as if fully set forth herein.

34. Defendant is proceeding toward a foreclosure sale of the Cooperative Interest pursuant to Article 9 in a manner that is not commercially reasonable and that threatens to permanently deprive the Estate of substantial equity.

35. If Defendant is permitted to proceed with its proposed distressed auction, Plaintiff and the Estate will suffer irreparable harm, including loss of fair market value, loss of control over the disposition of estate property, and impairment of surplus rights, none of which can be adequately remedied by money damages alone.

36. Plaintiff has no adequate remedy at law.

37. The balance of equities favors Plaintiff, who seeks only to require Defendant to comply with its statutory obligations and to permit a commercially reasonable disposition of the Cooperative Interest, while Defendant remains fully protected by its asserted lien.

38. Plaintiff therefore seeks injunctive relief enjoining Defendant from conducting or proceeding with any foreclosure sale or disposition of the Cooperative Interest unless and until Defendant complies with Article 9 of the Uniform Commercial Code, provides a full accounting of all amounts claimed due, and implements a commercially reasonable disposition process.

## THIRD CAUSE OF ACTION

### (Accounting)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as if fully set forth herein.

40. Defendant claims that the Estate is indebted to it in connection with the Cooperative Interest and asserts a lien arising from alleged maintenance arrears, legal fees, costs, and related charges.

41. Defendant has demanded payment of an alleged balance and noticed a foreclosure sale of the Cooperative Interest, yet has failed to provide Plaintiff with a complete and itemized accounting of the sums claimed due, including without limitation:

    a.   monthly maintenance charges;

    b.   assessments, if any;

    c.   late fees or penalties;

    d.   legal fees and disbursements;

    e.   costs associated with the proposed foreclosure sale; and

    f.   any other charges forming the basis of Defendant's asserted lien.

42. The financial records relating to Defendant's claimed lien and the calculation of the amounts allegedly owed are exclusively within Defendant's possession, custody, and control.

43. Plaintiff, as Executor of the Estate, is entitled to a full, complete, and accurate accounting of all sums claimed by Defendant prior to any disposition of the Cooperative Interest.

INDEX NO. 505513/2026

 RECEIVED NYSCEF: 02/13/2026

44. Absent judicial intervention compelling an accounting, Plaintiff will be unable to verify the accuracy or propriety of Defendant's claims and will suffer prejudice in connection with any attempted resolution or disposition of the Cooperative Interest.

45. Plaintiff therefore seeks an order directing Defendant to provide a complete accounting of all amounts claimed due and owing, together with supporting documentation.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a.  Declaring that Defendant is obligated to conduct any disposition of the Cooperative Interest in a commercially reasonable manner pursuant to Article 9 of the Uniform Commercial Code;

b.  Declaring that Defendant's presently noticed courthouse-steps foreclosure sale does not satisfy commercially reasonable standards;

c.  Declaring that Plaintiff is entitled to a full accounting of all sums claimed due prior to any disposition of the Cooperative Interest;

d.  Declaring that any surplus proceeds realized from a disposition of the Cooperative Interest belong to the Estate after satisfaction of Defendant's lawful charges;

e.  Enjoining Defendant from conducting or proceeding with any foreclosure sale or disposition of the Cooperative Interest unless and until Defendant complies with Article 9 of the Uniform Commercial Code and provides a complete accounting of all amounts claimed due;

f.  Directing Defendant to provide a full and itemized accounting of all maintenance arrears, fees, costs, and charges asserted against the Cooperative Interest;

g.  Awarding Plaintiff costs and disbursements of this action; and

h.  Granting such other and further relief as the Court deems just and proper.

Dated:  Brooklyn, New York

February 12, 2026

**LAW OFFICES OF MORRIS FATEHA**

By:  /S/       Morris Fateha, Esq.

Morris Fateha, Esq.
911 Avenue U
Brooklyn, New York 11223
(718) 627-4600
morrisfateha@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
JACOB VAYNSHTEYN,                                           Index No._____
as Executor of the Estate of ANNA VAYNSHTEYN,

                              Plaintiff,                    **VERIFICATION**

          -against-

TRUMP VILLAGE SECTION 4, INC. ,

                              Defendant.
------------------------------------------------------------------------X

STATE OF NEW YORK      )
                       )  s.s.
COUNTY OF KINGS        )

I, Jacob Vaynshteyn, deposes and says that; I am the Plaintiff in the above-entitled action; that I have read the VERIFIED COMPLAINT and I know the contents thereof and that the same are true to my knowledge, except as to any matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I affirm this _8_ day of February, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*jacob vaynshteyn*
jacob vaynshteyn (Feb 8, 2026 15:37:33 EST)
Jacob Vaynshteyn