# EXHIBIT V

Case 1:26-40732-css   Doc 23-22   Filed 07/31/26   Entered 07/31/26 11:53:01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X

JACOB VAYNSHTEYN,                                                Index No._____

as Executor of the Estate of ANNA VAYNSHTEYN,

                              **AFFIRMATION IN SUPPORT OF**

              Plaintiff,              **EMERGENCY ORDER**

     -against-                        **TO SHOW CAUSE**

TRUMP VILLAGE SECTION 4, INC. ,

              Defendant.
------------------------------------------------------------------------X

STATE OF NEW YORK      )
                          ) s.s.:
COUNTY OF KINGS        )

      I, JACOB VAYNSHTEYN, being duly sworn, depose and say:

1. I am the Plaintiff in the above-captioned action, solely in my capacity as Executor of the Estate of Anna Vaynshteyn (the "Estate"). I submit this Affidavit in support of the accompanying Order to Show Cause seeking, inter alia, a Temporary Restraining Order and preliminary injunctive relief. The facts set forth herein are based upon my personal knowledge, except where stated to be upon information and belief, and as to those matters I believe them to be true.

2. I was duly appointed Executor of the Estate of Anna Vaynshteyn pursuant to Letters Testamentary issued by the Surrogate's Court, Kings County. A true copy of the Letters Testamentary is annexed hereto as **Exhibit B**.

3. My mother, Anna Vaynshteyn, was the shareholder of record and proprietary lessee of Apartment 19B located at 2944 West 5th Street, Brooklyn, New York (the "Apartment"), until her death on December 31, 2020. Upon her passing, title to the cooperative shares and proprietary lease transferred to the Estate.

4. The Apartment constitutes the Estate's primary asset.

5. Defendant Trump Village Section 4, Inc. (the "Cooperative") claims that the Estate is indebted to it for unpaid maintenance and related charges and asserts a lien against the cooperative shares and proprietary lease.

6. By written notice dated January 2026, the Cooperative advised me that it intended to foreclose upon and dispose of the cooperative shares and proprietary lease pursuant to Article 9 of the Uniform Commercial Code and scheduled a public foreclosure sale for February 17, 2026, to be conducted on the courthouse steps in Kings County, New York. A true copy of the foreclosure notice is annexed hereto as **Exhibit A**.

7. The foreclosure notice asserts an alleged indebtedness in the approximate amount of $37,083.47, which includes legal fees and other charges. To date, I have not been provided with a complete and itemized accounting of the amounts claimed due, including a breakdown of maintenance arrears, legal fees, costs, and any other charges forming the basis of the Cooperative's asserted lien.

8. The Apartment was previously the subject of a Housing Court holdover proceeding commenced by the Cooperative against me and the Estate. That proceeding was resolved by stipulation dated March 11, 2024, pursuant to which the Cooperative was awarded a final judgment of possession, with execution of the warrant stayed on certain conditions, including payment of ongoing maintenance and efforts to market the Apartment for sale.

9. After subsequent applications seeking additional time to pursue a private sale, the Housing Court ultimately denied further stays, and execution of the warrant was completed.

Case 1-26-40732-ess Doc 23-22 Filed 07/31/26 Entered 07/31/26 11:53:01

10. I acknowledge that the Cooperative previously afforded the Estate opportunities to attempt a private sale of the Apartment and that those efforts did not result in a completed transaction.

11. Notwithstanding the foregoing procedural history, the Cooperative's present attempt to dispose of the cooperative shares and proprietary lease pursuant to Article 9 of the Uniform Commercial Code remains subject to the statutory requirement that every aspect of the disposition, including the method, manner, time, place, and terms, be commercially reasonable.

12. The Cooperative has now elected to proceed by way of a summary courthouse-steps auction, without implementing any current open-market marketing or broker-driven listing process designed to expose the Apartment to potential purchasers.

13. A courthouse-steps auction of cooperative shares conducted without meaningful market exposure is inherently distressed in nature and is not reasonably calculated to achieve fair market value for the Apartment.

14. If the foreclosure sale is permitted to proceed as presently noticed, the Estate will permanently lose control over its primary asset and will be deprived of the opportunity to market the Apartment through ordinary commercial channels. Any resulting loss of value cannot later be restored or adequately compensated through money damages.

15. I am ready, willing, and able to cooperate in a commercially reasonable disposition of the Apartment, including listing the Apartment with a licensed real estate broker and satisfying the Cooperative's legitimate claims from sale proceeds.

16. I do not seek to avoid payment of lawful maintenance arrears or other proper charges. Rather, I seek only to prevent a distressed foreclosure process that will irreparably impair the Estate's equity and surplus rights.

17. Absent immediate injunctive relief, the Estate will suffer irreparable harm through permanent loss of fair market value and deprivation of its primary asset.

18. By contrast, a temporary restraint of the foreclosure sale will not prejudice the Cooperative, which remains fully protected by its asserted lien and may be paid in full upon a proper private sale or other commercially reasonable disposition.

19. I respectfully request that this Court issue a Temporary Restraining Order and preliminary injunction preserving the status quo pending adjudication of this action and requiring that any disposition of the cooperative shares and proprietary lease be conducted in a commercially reasonable manner consistent with Article 9 of the Uniform Commercial Code.

WHEREFORE, I respectfully request that the Court grant the relief sought in the accompanying Order to Show Cause, together with such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
February \_\_\_\_, 2026

I affirm this \_\_\_\_ day of February, 2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*jacob vaynshteyn*
jacob vaynshteyn (Feb 8, 2026 15:49:08 EST)
Jacob Vaynshteyn

# Vaynshteyn Affidavit

Final Audit Report                                                                                      2026-02-08

| | |
|---|---|
| Created: | 2026-02-08 |
| By: | Morris Fateha (morrisfateha@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAADI-PaqUeSJ3OqTJDcaSNfdOEanxqKeBj |

## "Vaynshteyn Affidavit" History

📄 Document created by Morris Fateha (morrisfateha@gmail.com)
2026-02-08 - 7:43:01 PM GMT- IP address: 96.56.171.230

✉️ Document emailed to jacob vaynshteyn (jvaynsh1@protonmail.com) for signature
2026-02-08 - 7:43:05 PM GMT

📄 Email viewed by jacob vaynshteyn (jvaynsh1@protonmail.com)
2026-02-08 - 7:43:08 PM GMT- IP address: 185.159.157.23

✍️ Document e-signed by jacob vaynshteyn (jvaynsh1@protonmail.com)
Signature Date: 2026-02-08 - 8:49:08 PM GMT - Time Source: server- IP address: 155.117.189.15

✅ Agreement completed.
2026-02-08 - 8:49:08 PM GMT

![Adobe Acrobat Sign]